UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Friends of the Clearwater,<br><br>    Plaintiff,<br><br>    v.<br><br>CHERYL F PROBERT, in her official capacity as Forest Supervisor for the Nez Perce-Clearwater National Forests ; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,<br><br>    Defendants. | Case No. 3:21-cv-00056-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Friends of the Clearwater (FOC) brought this action challenging the Forest Service's 2017 Travel Planning Record of Decision for Recommended Wilderness Areas for the Clearwater National Forest (2017 ROD). The Court previously determined that the 2017 ROD is unlawful and otherwise arbitrary and capricious under the National Forest Management Act (NFMA) and the 2005 Travel Management Rule (TMR). (Dkt. 43.) Thus, the Court granted summary judgment in favor of FOC on its NFMA and TMR claims. (*Id.*) Currently before the Court is the issue of remedies for the Forest Service's failure to comply with the NFMA and TMR.

MEMORANDUM DECISION AND ORDER - 1

# BACKGROUND[1]

At issue in this case is the Fish Lake Trail, is located in Management Area B2 (MA B2), which is in the Hoodoo recommended wilderness area (RWA) of the CNF. The Fish Lake Trail has been open to motorized use since before the CNF Forest Plan was adopted in 1987.[2] Under the Forest Plan, the Forest Service is bound by and must strictly comply with a 100% elk habitat effectiveness (EHE) standard in MA B2.

Also applicable to the CNF, including in MA B2, is the 2005 Travel Management Rule (TMR). Under the TMR, the Forest Service is required to designate the roads, trails, and areas that are open for public motor vehicle use. 36 C.F.R. §§ 212.50, 212.51. In making those route designations, the Forest Service is required to, among other things, apply the "minimization criteria." 36 C.F.R. § 212.55; *see WildEarth Guardians v. Montana Snowmobile Ass'n*, 790 F.3d 920, 930 (9th Cir. 2015). Motorized public use off designated roads, trails, and areas is prohibited. 36 C.F.R. § 212.50.

---

[1] Additional background information can be found in the Court's Memorandum Decision and Order entered March 12, 2022. (Dkt. 43.)

[2] The Forest Service has been in the process of revising the Forest Plan since 2012. However, to date that revision process has not been finalized. Thus, the 1987 Forest Plan is still in place and controls this litigation.

In 2011, the Forest Service issued the CNF Travel Plan Final Environmental Impact Statement (2011 FEIS) and Travel Plan Record of Decision (2012 ROD). The 2012 ROD eliminated motorized use in the RWAs, with some exceptions. Relevant here is an exception that allows summer motorized use on Fish Lake Trail.

In *Friends of the Clearwater v. U.S. Forest Serv.*, No. 3:13-CV-00515-EJL, 2015 WL 1119593 (D. Idaho Mar. 11, 2015) (*FOC I*), FOC challenged the 2011 FEIS and the 2012 ROD. The Court held in *FOC I* that the Forest Service acted arbitrarily and capriciously and violated the NFMA and the TMR by (1) failing to comply with the Forest Plan's 100% EHE standard in MA B2 and other areas of the CNF; and (2) failing to show how it applied the minimization criteria to the route designation choices, including in relation to elk habitat. The Court therefore remanded the 2011 FEIS and the 2012 ROD to the Forest Service for reconsideration and further evaluation. *Id.*

In 2017, following the remand in *FOC I*, the Forest Service issued a revised ROD. The Forest Service based this 2017 ROD on the analysis contained in the 2011 FEIS. The 2017 ROD continues to prohibit motorized use in RWAs but again includes an exception under which summer motorized use is allowed on Fish Lake Trail. The 2017 ROD explicitly did not, however, address the *FOC I* remand order,

or the issues remanded to the Forest Service for further consideration in *FOC I*.[3]

In 2021, FOC brought the present action to challenge the 2017 ROD and, specifically, the Forest Service's decision to allow summer motorized use of Fish Lake Trail to continue. FOC brought claims under the NFMA, the TMR, and NEPA.

The Court granted summary judgment in favor of FOC on its NFMA and TMR claims, and granted summary judgment in favor of the Forest Service on the NEPA claims. As to the NFMA claim, the Court held that the Forest Service is bound by and must strictly comply with the 100% EHE standard. The Court further held that the Forest Service's decision to allow continued motorized vehicle use of Fish Lake Trail—which at minimum keeps EHE at 90% and prevents EHE from improving—equates to non-compliance with the Forest Plan and was thus arbitrary and capricious. The Court rejected the Forest Service's attempt to rely on a 2021 report to support the 2017 ROD and justify the Forest Service's decision to allow continued motorized use of Fish Lake Trail.

As to the TMR claim, the Court held that the Forest Service failed to provide

---

[3] The 2017 ROD states: "On March 11, 2015, Judge Edward J. Lodge issued a Memorandum Decision and Order for the FOC/AWR/SC lawsuit. This Final ROD does not specifically address Judge Lodge's order or the issues remanded for further consideration in that case." (AR 73488.)

a route-level analysis of the application of minimizing criteria for Fish Lake Trail, and failed to document how it evaluated and applied the data with the objective of minimizing impacts in relation to the motorized use of the trail. Thus, the Court held that the Forest Service's decision to allow continued motorized use of Fish Lake Trail is not in compliance with the TMR.

The Court now has before it the issue of the appropriate remedies for the Forest Service's violation of the NFMA and the TMR, as well as the Forest Service's failure to comply with the 2015 remand order in *FOC I*.

## ANALYSIS

FOC requests several remedies to address the Forest Service's violations of the NFMA and TMR, and the Forest Service's failure to comply with the *FOC I* remand order. First, FOC requests an injunction that prohibits motorized use on Fish Lake Trail;[4] and, alternatively, requests the Court vacate the portions of the 2017 ROD that are inconsistent with the Forest Plan. Second, FOC requests that

---

[4] FOC argues that it is entitled to relief not only as to Fish Lake Trail, but also for 15 additional trails. The Court disagrees. The focus of this case has been Fish Lake Trail. FOC provided no specific argument about other areas or trails in its summary judgment briefing. Moreover, FOC is challenging the 2017 ROD, which addresses only RWAs, and specifically Fish Lake Trail and MA B2 in which Fish Lake Trail is located. The 2017 ROD does not address the additional 15 trails that FOC now seeks to bring into this case. Given the focus of this case and the arguments raised on summary judgment, the Court addressed only Fish Lake Trail and MA B2 in granting summary judgment. It did not address the other 15 trails. Accordingly, the Court will not address FOC's request for remedies related to the other 15 trails.

the Court order the Forest Service to comply with its TMR obligations by June 1, 2024, by completing the required minimization analysis for all deficiencies covered by *FOC I* and the present case. Finally, FOC requests that the Forest Service be required to submit quarterly status reports regarding the progress towards complying with the Court's order here and in *FOC I*.

The Forest Service and Intervenor respond that the only appropriate remedy here is to remand the 2017 ROD without vacatur; and to order the Forest Service to conduct supplemental analysis that will address the violations of the TMR found by the Court only *after* the Forest Service completes the Forest Plan revision that is currently underway.

### A.     Partial Vacatur of the 2017 ROD is the Appropriate Remedy; Injunctive Relief is Not

Vacatur of the agency's decision is generally the proper remedy where, as here, the Court has found a violation under the Administrative Procedures Act (APA). *See Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S. 326, 332 (1976) (when the Court finds APA violation, proper remedy is generally to vacate the agency's decision and remand to the agency for further consideration); *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). The effect of vacatur is reinstatement of the agency's decision previously in force. *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005). Remand to the agency without vacatur is

ordered "only in limited circumstances." *Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 960 F.3d 1120, 1144 (9th Cir. 2020) (citation omitted).

To determine whether vacatur is appropriate, a court is to "weigh the seriousness of the agency's errors against the disruptive consequences of an interim change that may itself be changed." *Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 960 F.3d 1120, 1144 (9th Cir. 2020) (citation omitted). The court also considers "the extent to which either vacating or leaving the decision in place would risk environmental harm." *Id.* at 1145. The court may also look "at whether the agency would likely be able to offer better reasoning or whether by complying with procedural rules, it could adopt the same rule on remand, or whether such fundamental flaws in the agency's decision make it unlikely that the same rule would be adopted on remand." *Id.*

Here, full vacatur of the 2017 ROD is not an appropriate remedy, and it appears that all parties agree on this point. As the Forest Service points out, the 2017 ROD closed approximately 196,000 acres of RWAs to motorized vehicles and eliminated motorized use on 38 miles of existing trails. Thus, the 2017 ROD is overall more protective of the environment than the previous decision, and full vacatur would lead to less protection of the environment, rather than more, during the remand period.

However, the Court finds partial vacatur of the 2017 ROD, and specifically vacatur of only that portion of the ROD that allows summer motorized use of Fish Lake Trail, to be appropriate. This partial vacatur will remedy the fact that the Forest Service's determination in the 2017 ROD that Fish Lake Trail should remain open to motorized use was made in violation of both the NFMA and the TMR. Further, these violations must be viewed in light of the fact that the Forest Service has still to date failed to comply with the 2015 remand order in *FOC I* based on similar violations in relation to the 2012 ROD. No reasonable justification has been provided for this more than seven-year failure to comply with the *FOC I* remand order.

The Court also rejects the proposition put forward by the Forest Service and Intervenors that the continued summer motorized use of Fish Lake Trail has little to no negative environmental impact. As the Court noted in granting summary judgment, the Forest Services does not dispute the negative impact of motorized activities on the environment, including wildlife. And, to date, there has not been an adequate assessment of the continued motorized use of the trail.[5]

---

[5] The Court recognizes that Intervenors have provided the declaration of Michael Schlegel in support of Intervenors' position that wildlife will not be harmed by the continued motorized use of Fish Lake Trail. The Court does not find this evidence sufficiently compelling (Continued)

The Forest Service also points out that the Forest Plan is being revised and should be completed very soon. However, this revision of the Forest Plan began more than a decade ago in 2012. Moreover, the date for issuance of a final revised Forest Plan has continuously been pushed out by the Forest Service. For example, during briefing on summary judgment, the Forest Service stated that it expected to issue a final record of decision for the revised Forest Plan in the spring of 2022. Now, the Forest Service does not expect to have the final record of decision issued until the fall of 2023. *See* https://www.fs.usda.gov/detail/nezperceclearwater/landmanagement/planning/?cid=stelprdb5447338 (last accessed November 21, 2022).

Taking all of these circumstances into account, the Court finds the Forest Service's violations of the NFMA and the TMR to be sufficiently serious to warrant partial vacatur of the 2017 ROD, and further that there is a risk of ongoing environmental damage if the summer motorized use of the trail is allowed to continue without full compliance with the requirements of the NFMA and the TMR.

The Forest Service argues that partial vacatur would not close Fish Lake

---

in light of other evidence in the record indicating that motorized use does have a negative impact on the environment, including wildlife, and the lack of citation to scientific studies to back up the opinions expressed in the declaration.

Trail because it has been continuously open to motorized use since its construction. The Court disagrees. The 2017 ROD specifically closes the RWAs to motorized use except for Fish Lake Trail. Vacating this exception would mean that motorized use in all of the RWAs, including MA B2 in which Fish Lake Trail is located, would be prohibited.

The Forest Service also points out that the portion of the previous decision—the 2012 ROD—that addresses MA B2 was vacated as part of a settlement agreement. The Forest Service argues that, as a result, if the Court orders partial vacatur of the 2017 ROD, travel in MA B2 would revert to the pre-2011 management direction allowing cross-country motorized travel in MA B2 beyond Fish Lake Trail. Again, the Court disagrees.

As noted previously, under the 2005 TMR, the Forest Service is required to use certain criteria in designating roads, trails, and areas. 36 C.F.R. §§ 212.50, 212.51. Motorized use off designated roads, trails, and areas is prohibited. 36 C.F.R. § 212.50. In designating roads, trails, and other areas open to motor vehicle use, the Forest Service is required to, among other things, apply minimization criteria. 36 C.F.R. § 212.55; *see WildEarth Guardians v. Montana Snowmobile Ass'n*, 790 F.3d 920, 930 (9th Cir. 2015).

Here, in both the 2017 ROD and the 2012 ROD, the Forest Service failed to

apply the minimization criteria in relation to Fish Lake Trail. Accordingly, the Forest Service has not properly designated Fish Lake Trail as open to motorized use as required under the TMR. Fish Lake Trail is therefore, by default, not open to motorized use under the TMR. *See* 36 C.F.R. §§ 212.50, 212.51, 212.55; *see also Paulsen*, 413 F.3d at 1008 (when agency action is invalid, the remedy is not reinstatement of an earlier invalid agency action).

The Forest Service argues that, as a matter of policy, vacatur should not be used as a line-item veto, and that closing Fish Lake Trail would run afoul of separation of powers and would be attempting to re-balance the interests of motorized and non-motorized use. The Court disagrees. First, the use of partial vacatur has been recognized by the Supreme Court as an appropriate remedy for violation of the APA and thus the use of partial vacatur is not an inappropriate "line-item veto" or otherwise inconsistent with public policy. *See Monsanto*, 561 U.S. at 165-66. Second, vacating the motorized use exception for Fish Lake Trail is not substituting anyone's judgment for that of the agency. It is merely vacating the portion of the Forest Service's decision that was made in violation of the NFMA and the TMR during the remand period.

The Court recognizes that Fish Lake Trail has been open to summer motorized use since prior to 1987, and that the partial vacatur could have a

disruptive consequence. However, the Court also recognizes that in *FOC I*, the Court found violations of the NFMA and the TMR that are the same or similar to the violations the Court has found here, and that the Forest Service has failed to comply with the *FOC I* remand order during the intervening seven years. Further, because the motorized use of Fish Lake Trail is already limited to the summer months under the 2017 ROD, the Forest Service has the opportunity to remedy the NFMA and TMR violations prior to June 1, 2023, which is the date on which the trail would open for summer motorized use if the Court did not grant partial vacatur. Thus, the potential disruption could be minimal to none if the Forest Service takes prompt action to address the violations of the NFMA and the TMR on remand.

Finally, the Court does not find an injunction to be warranted here. Vacatur of the portion of the 2017 ROD that allows for motorized summer use of Fish Lake Trail is sufficient to redress FOC's injury. And an injunction prohibiting the motorized use of Fish Lake Trail would not have any meaningful impact independent of the partial vacatur. Thus, the Court declines to grant FOC's request for injunctive relief. *See Monsanto*, 561 U.S. at 165-66 ("If a less drastic remedy (such as partial or complete vacatur of [the agency's] deregulation decision) was sufficient to redress respondents' injury, no recourse to the additional and

extraordinary relief of an injunction was warranted.").

### B. Timeline for Compliance and Reporting Requirement

FOC requests that the Court impose a deadline of June 1, 2024, for the Forest Service to address and comply with both the *FOC I* remand order and the remand in the present case. FOC also requests that the Court require the Forest Service to submit quarterly reports to the Court on its progress toward compliance. In light of the Forest Service's failure to date to comply with the 2015 remand order in *FOC I*, and the similarity of the violations found in *FOC I* and the present case, the Court agrees that imposition of a deadline for compliance with both *FOC I* and the remand order in this case, as well as periodic reporting of the progress being made, is appropriate.

The Forest Service contends that its 2021 report is sufficient to address the *FOC I* remand order. This contention is specious in light of the Court's previous determination that the 2021 report has not been subjected to the required public notice and comment process and is thus not a "decision" under the APA.

The Forest Service also argues that the deficiencies identified in *FOC I* and this case will be addressed in an upcoming revision to the Forest Plan. The Forest Service represents that the Forest Plan revision is close to completion and argues that forcing the Forest Service to respond to the remand orders in *FOC I* and this case prior to finalization of the revised Forest Plan would result in wasted

**MEMORANDUM DECISION AND ORDER - 13**

resources because it would require the Forest Service to issue a new ROD. The Court is unpersuaded.

As noted previously, the revision to the Forest Plan has been underway since 2012, and the date on which it will be finalized has been repeatedly pushed out. Completion is now not expected until the fall of 2023. It has already been seven years since the remand order was issued in *FOC I*, yet the Forest Service still has not complied with that order, despite the passing of seven years, and the interim issuance of the 2017 ROD. And the Forest Service has provided no reasonable explanation for its failure to comply with *FOC I*. The Court declines to simply wait and see when the revision of the Forest Plan will finally be completed and finalized. The Court also declines to allow the Forest Service to continue in what has already been an extremely unreasonable delay in complying with the *FOC I* remand order. Finally, the Court declines to allow the Forest Service to delay addressing the same or similar violations of the NFMA and TMR identified in this case.

Under these circumstances, the Court finds it appropriate to impose a deadline for the Forest Service to fully comply with both the *FOC I* remand order and the remand in the present case. The Court also finds it appropriate to require the Forest Service to file periodic reports demonstrating its progress toward

compliance.

## ORDER

IT IS ORDERED:

1. The 2017 ROD is REMANDED to the United States Forest Service for reconsideration and further evaluation consistent with this decision.

2. The portion of the 2017 ROD that provides an exception allowing summer motorized use of Fish Lake Trail is VACATED, with the result that motorized use of Fish Lake Trail is prohibited while this case is on remand or until further order of the Court.

3. The Forest Service shall comply with this remand order, as well as the remand order in *FOC I*, no later than June 1, 2024.

4. The Forest Service shall file a status report no later than December 31, 2022, setting forth the progress made in complying with this remand order as well as the remand order in *FOC I*. The Forest Service shall file status reports every 90 days thereafter until further order of the Court.

DATED: December 1, 2022

B. Lynn Winmill
U.S. District Court Judge